UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

S.C. JOHNSON & SON, INC.,
a Wisconsin Corporation
1525 Howe Street
Racine, WI 53403

        Plaintiff,

v.                                  Case No. _____

HENKEL CORPORATION
One Henkel Way
Rocky Hill, CT 06067

        Defendant.

## COMPLAINT

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil action for false advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a), and the Wisconsin Deceptive Trade Practices Act, Wisconsin Statutes section 100.18(11).

2. Plaintiff S.C. Johnson & Son, Inc. is a Wisconsin corporation with its principal place of business in Racine, Wisconsin.

3. On information and belief, Defendant Henkel Corporation ("Henkel") is a Delaware corporation with its headquarters located at One Henkel Way, Rocky Hill, Connecticut, 06067.

4. This Court has subject matter jurisdiction over the Lanham Act claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

41127605

5.  This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a), because it is so related to the Lanham Act claim that it forms part of the same case or controversy under Article III of the U.S. Constitution.

6.  Venue is appropriate in this matter pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this judicial district pursuant to 28 U.S.C. § 1391(c)(2).

## THE PLUG-IN SCENTED OIL MARKET

7.  SCJ is a family-owned company and one of the leading manufacturers of household cleaning products and products for home storage, air care, pest control, and shoe care.

8.  On information and belief, Defendant operates throughout North America, offering for sale products in the adhesive, beauty, and laundry and home care markets.

9.  SCJ is a participant in the plug-in scented oil, or "PISO," market.  Plug-in scented oil products use heat in combination with scented oils to deliver fragrance to the air.

10. SCJ's PISO products include Glade® PlugIns® scented oil.

11. Glade® PlugIns® function by combining a reusable warmer with single-use fragrance oil bottles filled with scented oils.

12. More specifically, the fragrance oil bottle includes a wick that transmits the scented oils in the bottle to a ceramic heating unit within the warmer.  When plugged in, the heating unit warms the oils in the wick and causes the emission of fragrance.

13. When the fragrance oil bottle is empty, it must be removed from the reusable warmer and replaced.

14. SCJ recently launched a new Glade® warmer product in January of 2019 (the "2019 Warmer").

15. SCJ's previous Glade® warmer product launched in 2012 (the "2012 Warmer") and was offered for sale up until the launch of the 2019 Warmer.

16. Prior to the launch of the 2012 Warmer, SCJ's previous Glade® warmer was selling a warmer product that launched in 2004 (the "2004 Warmer").

17. The 2004 warmer has not been offered for sale by SCJ since 2012.

18. On information and belief, Defendant is a recent re-entrant into the PISO market, having exited that market before 2012, and within approximately the last two months has begun selling PISO products under the brand name "Renuzit."

19. Defendant sells its own reusable warmers packaged with corresponding fragrance bottles, but it also offers for sale fragrance bottle refills on their own.

20. Specifically, Defendant offers for sale "Renuzit Plug-In Refills" that, like Glade® PlugIns®, are combined with a reusable warmer to emit fragrance.

## DEFENDANT'S "UNIVERSAL FIT" CLAIMS

21. Defendant is marketing its Renuzit Plug-In Refills nationwide, including in the Eastern District of Wisconsin.

22. Defendant has advertised Renuzit Plug-In Refills over the internet and in stores. Representative examples of those advertisements are attached hereto as **Exhibit A**.

23. Generally, PISO product warmers are designed to work best in conjunction with the same manufacturer's fragrance oil bottles. For example, Glade® PlugIns® are intended for use with Glade® warmers and may function poorly, or not at all, with other manufacturers' warmers.

24. However, Defendant has created an advertising campaign for its Renuzit Plug-In Refills that claims that those products have a "universal fit" – that is, that they work in

conjunction not only with Renuzit warmers, but also with the reusable warmers of other PISO manufacturers, including Glade®.

25. Some of Defendant's advertisements for the Renuzit Plug-In Refill include:

   a. A video, viewable at https://www.renuzit.com/products/scented-oils, including the following voiceover narration: "Scented oils are great for adding fragrance to your home, but frustrating, because you're limited to refill fragrances that fit your warmer brand – until now.  Renuzit Scented Oils give you the freedom to find a new fragrance you love, without the extra investment of a new warmer.  Our oil refills fit three of the top brands.  So whether you're filling a Renuzit warmer, a Glade® warmer, or an Airwick® warmer, you can still try our new Sensitive Scents scented oils, or any of our home-enhancing fragrances and find the perfect fragrance fit for every room in your home.  Renuzit Scented Oils.  The perfect fit."

   b. Website advertising that states in relevant part: "Renuzit Plug-In Refills universally fit in any Glade® or Air Wick® oil warming unit."

   c. Free standing insert (FSI) advertising including a text box that states: "Fits Airwick® and Glade® Scented Warmers."

26. The packaging of Renuzit Plug-In Refills also advertises them as "UNIVERSAL REFILLS" and further states, "FITS Glade®, Airwick®, and Renuzit® Scented Oil Air Fresheners."

27. Defendant has thus explicitly represented through its commercial advertising and promotion that Renuzit Plug-In Refills fit in, and function with, SCJ's Glade® warmers.

28. On information and belief, Defendant's commercial advertising and promotion is intended to divert sales from manufacturers like SCJ by persuading consumers that, even if they already own a different reusable warmer, they need not purchase refills of that brand and should instead purchase Defendant's Renuzit Plug-In Refills.

## **FALSITY OF DEFENDANT'S "UNIVERSAL FIT" CLAIMS**

29. Although Renuzit Plug-In Refills are advertised as having a "universal fit," this advertising is false with respect to current Glade® warmer products.

30. Renuzit Plug-In Refills do not fit in the 2019 Warmer and will in fact fall out if an attempt is made to insert them.

31. On information and belief, it is possible that with sufficient physical exertion, the Renuzit Plug-In Refill could be made to stay in the 2019 Warmer, but that amount of force would be likely to break either the oil refill bottle or the warmer.

32. Because Renuzit Plug-In Refills do not fit in the 2019 Warmer, the wick cannot be aligned with the unit heater: even when the bottle is inserted, the heater element sits above the wick, with a visible gap between the two. As a result, Renuzit Plug-In Refills do not function (i.e., emit fragrance) in conjunction with the 2019 Warmer.

33. Renuzit Plug-In Refills also do not properly fit in the 2012 Warmer.

34. The Renuzit Plug-In Refill will "catch" in the 2012 Warmer but appears ill-fitting.

35. More importantly, as with respect to the 2019 Warmer, the Renuzit Plug-In Refill wick does not align with the unit heater of the 2012 Warmer: the wick sits too low in the warmer and is not positioned completely in front of the heater element, resulting in poor heat transfer to the wick and poor functionality at best. As a result, Renuzit Plug-In Refills do not properly function (i.e., emit fragrance) in conjunction with the 2012 Warmer, either.

36. Thus, the impression created by Defendant's advertising is literally false.

37. In the alternative, the impression created by Defendant's advertising is misleading.

38. Defendant's false advertising is intended to induce customers in Wisconsin and elsewhere to purchase Renuzit Plug-In Refills.

39. Defendant's false advertising will also cause direct diversion of sales from SCJ to itself and will cause a loss of goodwill associated with SCJ's products.

## COUNT ONE:
## False Advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a)

40. SCJ realleges and incorporates paragraphs 1 through 38 as though fully set forth herein.

41. Defendant has made statements of fact in its advertising with respect to its Renuzit Plug-In Refill PISO products that are literally false or, in the alternative, potentially misleading.

42. Defendant's false statements of fact have actually deceived or have a tendency to deceive consumers.

43. Defendant's false statements are material in that they are likely to influence consumers' purchasing decisions.

44. Defendant has caused its false statements to enter interstate commerce.

45. SCJ has already been and is likely to continue to be injured as a result of Defendant's false statements.

46. Upon information and belief, Defendant's false advertising is knowing, intentional, and willful.

47. Defendant's violation of the Lanham Act is egregious.

48. SCJ has suffered and continues to suffer immediate and irreparable harm as a result of Defendant's false advertising, for which there is no adequate remedy at law.

## COUNT TWO:
### Deceptive Trade Practices, in violation of Wisconsin Statutes section 100.18

49. SCJ realleges and incorporates paragraphs 1 through 38 as though fully set forth herein.

50. Defendant placed before the public advertisements, including signs, television ads, and internet ads, that contained assertions, representations, and statements of fact that were untrue, deceptive, and/or misleading.

51. Defendant's actions were taken with the intent to sell and distribute its Renuzit Plug-In Refill products.

52. SCJ has already suffered and is likely to continue to suffer pecuniary loss because of Defendant's actions.

## JURY DEMAND

53. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SCJ requests a jury trial of all issues so triable in this action.

## REQUEST FOR RELIEF

Wherefore, Plaintiff S.C. Johnson & Son, Inc. respectfully prays for judgment:

A. Preliminarily and permanently enjoining and restraining Defendant, its employees, agents, and representatives, and all persons acting in concert or in participation with them, from employing advertising including the false and/or misleading claims that Renuzit Plug-In Refill products have a "universal fit," that they fit Glade® warmer products, or any substantially similar claims.

B.	Requiring Defendant to deliver up to the Court for destruction, or to show proof upon the oath of Defendant made subject to penalty of perjury of said destruction, of any and all advertisements, product packaging, promotional materials, and all other matter in the possession, custody, or control of Defendant or its agents, distributors, or franchisees, which bear the false claims that Renuzit Plug-In Refill products have a "universal fit," that they fit Glade® warmer products, or any substantially similar claims.

C.	Directing Defendant to recall any products, advertising, or promotional materials bearing any matter in violation of any injunction entered in this action.

D.	Awarding to Plaintiff all of Plaintiff's damages, including actual, compensatory, consequential, and incidental damages in an as-yet undetermined amount; reasonable attorneys' fees and costs; and a sum up to three times those damages, pursuant to 15 U.S.C. § 1117 and Wis. Stat. § 100.18(11).

E.	Awarding to Plaintiff exemplary damages against Defendant in an amount sufficient to deter similar future conduct.

F.	Awarding Plaintiff prejudgment and post-judgment interest on any monetary award according to the maximum allowable legal rate.

G.	Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated this 13th day of March, 2019.

        s/Monica A. Mark
Jessica H. Polakowski
WI State Bar ID No. 1061368
jpolakowski@reinhartlaw.com
Monica A. Mark
WI State Bar ID No. 1082428
mmark@reinhartlaw.com
Andrea M. Davenport
WI State Bar ID No. 1088374
adavenport@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
P.O. Box 2018
Madison, WI 53701-2018
Telephone:  608-229-2200
Facsimile:  608-229-2100

*Attorneys for Plaintiff, S.C. Johnson & Son, Inc.*