**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SC JOHNSON & SON INC.,<br><br>      Plaintiff,<br><br>v.<br><br>HENKEL CORPORATION,<br><br>      Defendant. | Case No. 19-CV-375-JPS<br><br>**ORDER** |

   Plaintiff makes scented oil dispensers. Defendant sells replacement oil cartridges and claims that its cartridges fit into Plaintiff's dispensers. Plaintiff asserts that Defendant's cartridges do not fit, thereby damaging Plaintiff's brand in the eyes of consumers. Plaintiff sues Defendant for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and for deceptive trade practices under the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18. (Docket #1).

   Plaintiff, a national consumer product brand based in Wisconsin, filed its lawsuit in this District. Defendant, a Delaware corporation based in Connecticut, filed a motion to dismiss this action for want of personal jurisdiction. (Docket #26). Most of its business is conducted in Connecticut, including the marketing, research, and sales operations which are the subject of Plaintiff's claims. Defendant has only four connections to Wisconsin: 1) its sales to distributors like Wal-Mart and Target, who then sell the refills in Wisconsin stores, 2) its national advertising campaign, 3) its website, and 4) an unsuccessful meeting between Defendant and Menards, a Wisconsin company, about a potential distribution deal. For the

product at issue in this case, Wisconsin sales comprise about 1.5 percent of national sales.

The Court agrees with Defendant that specific personal jurisdiction is, to put it favorably to Plaintiff, questionable in this case (Plaintiff concedes that general personal jurisdiction is absent). In light of recent Supreme Court pronouncements stressing the importance of suit-related, forum-targeted contacts, Defendant's generalized contacts with and minimal revenue generation from this state counsel against the exercise of specific personal jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773 (2017); *Walden v. Fiore*, 571 U.S. 277 (2014); *see also NextGen HBM, Inc. v. ListReports, Inc.*, 2017 WL 4040808, at *10–14 (D. Minn. Sept. 12, 2017) (finding no specific personal jurisdiction in a case involving Lanham Act allegations, and numerous state law causes of action, where the plaintiffs failed to show that the defendants expressly aimed their conduct at the forum state). To agree with Plaintiff that specific personal jurisdiction is present here would seem to make any nationwide seller of any product vulnerable to suit in every state where the product is sold, regardless of the seller's level of participation in the ultimate sale. This does not sound like it comports with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945).

Without personal jurisdiction over Defendant, the Court would be obliged to dismiss this action without prejudice.[1] But in its motion,

---

[1] Defendant suggests that a dismissal *with* prejudice would be appropriate, (Docket #41 at 17), but this is clearly incorrect, *Burmaster v. Herman*, 737 F. App'x 790, 791 (7th Cir. 2018) (holding that the district court should not have dismissed a case with prejudice for failure to state a claim when that court simultaneously concluded that it lacked personal jurisdiction).

Defendant alternatively suggests that the Court should transfer this action to the District Court of Connecticut, as Defendant concedes personal jurisdiction would lie there. (Docket #27 at 18–21). Such transfer is permissible pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, [and] in the interest of justice." The Court finds that convenience would clearly be better served in Connecticut, as the evidence in this case will turn entirely on the development and marketing of Defendant's product, which occurred entirely in that state. Thus, the material events occurred in that district, and the majority of the evidence and witnesses are located there. Despite Plaintiff's concern with a slower trial schedule in the District of Connecticut, the interest of justice will not be harmed by transfer. Both Wisconsin and Connecticut have a similar interest in this dispute—Defendant is allegedly harming consumers equally nationwide. The fact that this case includes a Wisconsin cause of action means little, as "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 67–68 (2013).

Finally, the Court is confident that Plaintiff will suffer little prejudice from transfer; it has no doubt that if this action were dismissed for want of personal jurisdiction, Plaintiff would not hesitate to re-file the case in Connecticut. The Court can save all parties the time and expense of such a maneuver. Defendant's motion to transfer will be granted, and its motion to dismiss denied as moot. The Court will not rule upon Plaintiff's motions for a preliminary injunction, (Docket #3), and for a temporary restraining order, (Docket #5), as these are best addressed by a court with unquestioned jurisdiction.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss or transfer (Docket #26) be and the same is hereby **GRANTED in part and DENIED as moot in part**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **TRANSFERRED** to the United States District Court for the District of Connecticut for all further proceedings.

The Clerk of the Court is directed to take all appropriate steps to effectuate the transfer of this action to the United States District Court for the District of Connecticut.

Dated at Milwaukee, Wisconsin, this 24th day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge