UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
S.C. JOHNSON & SON, INC.     :    Civil No. 3:19CV00805(AVC)
                             :
v.                           :
                             :
HENKEL CORPORATION           :    September 22, 2020
                             :
-----------------------------x
```

RULING ON MOTIONS TO COMPEL [Docs. #118, #134]

Pending before the Court are two motions filed by plaintiff S.C. Johnson & Son, Inc. ("plaintiff") seeking to compel additional responses to certain requests for admission, requests for production, and interrogatories. [Docs. #118, #134]. Defendant Henkel Corporation ("defendant") has filed an opposition to each of plaintiff's motions [Docs. #129, #145], to which plaintiff has filed separate replies [Docs. #137, #146].[1] On July 22, 2020, Judge Alfred V. Covello referred plaintiff's motions to the undersigned. [Doc. #152]. For the reasons stated below, plaintiff's Renewed Motion to Require Sufficient Answers to Requests for Admission [**Doc. #118**] is **DENIED**. Plaintiff's Motion to Compel and to Require Sufficient Answers to Discovery Requests [**Doc. #134**] is **GRANTED, in part, and DENIED, in part**.[2]

---

[1] The Court has also considered the declarations filed in support of the parties' briefing. See Docs. #97, #98, #130, #136, #138, #145-1, #147.

[2] The parties have requested oral argument. See Docs. #118, #129,

Plaintiff's request for attorneys' fees and costs in making these motions is **DENIED**.

I.    **Background**

Plaintiff manufactures a variety of household products, including Glade® PlugIns®, a plug-in scented oil ("PISO"). See Doc. #53 at 2.[3] PISO products generally work by combining heat with perfumed oils to scent the air. See id. "Glade® PlugIns® function by combining a reusable warmer with single-use fragrance oil bottles filled with scented oils." Id. The Glade® PlugIns® single-use bottles use a wick to transmit the scented oils to a ceramic heating unit within the reusable warmer. See id. When the single-use bottle is empty, the consumer may replace it with another single-use bottle of scented oil. See id.

Over the years, plaintiff has manufactured different versions of the Glade® warmer, the most recent of which was launched in January 2019 (the "2019 warmer"). See id. at 3. Before the launch of the 2019 warmer, plaintiff offered for sale a warmer that launched in 2012 (the "2012 warmer"). See id.

_____

#134. Given the comprehensive briefing that has been submitted, the Court declines to hold oral argument on the pending motions. See D. Conn. L. Civ. R. 7(a)3. ("Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument.").

[3] Citations to materials filed on the docket reflect the page number in the document's ECF heading.

Prior to the 2012 warmer, plaintiff offered a warmer that launched in 2004 (the "2004 warmer"). See Doc. #53 at 3. The 2004 warmer has not been offered for sale since the launch of the 2012 warmer. See id.

Defendant also participates in the PISO market,[4] and offers for sale "its own reusable warmers packaged with corresponding fragrance bottles[.]" Id. Defendant separately "offers for sale fragrance bottle refills on their own." Id. Defendant offers this product under the name "Renuzit Plug-In Refills[.]" Id. Plaintiff alleges that defendant advertises its Renuzit® Refills as being a "universal fit" for other PISO reusable warmers, including Glade® and Airwick® products, but asserts that this "advertising is false with respect to current Glade® warmer products." Id. at 4-5. Plaintiff alleges that defendant's advertising is false because the Renuzit® Refills do not function with either the 2012 or 2019 warmers, and do not properly fit those warmers. See id. at 5-6. Plaintiff alleges, inter alia, that defendant's false advertising has caused a "direct diversion of sales from" plaintiff to defendant. Id. at 6.

---

[4] Plaintiff alleges: "Defendant is a recent re-entrant into the PISO market, having exited that market before 2012, and within approximately the last six months has begun selling PISO products under the brand name 'Renuzit.'" Doc. #53 at 3.

Plaintiff asserts that defendant's allegedly false advertising violates the Lanham Act, 15 U.S.C. §1125(a), and the Connecticut Unfair Trade Practices Act ("CUTPA"). See generally Doc. #53. Defendant denies these claims and asserts thirteen affirmative defenses. See generally Doc. #81. Defendant "asserts that its packaging and advertising claims with respect to [plaintiff's] products at issue only state that its Renuzit® Refills are compatible with Glade® warmer model number SCJ168 and that this claim is true." Doc. #77 at 3.

The parties have been engaged in discovery for nearly a year. Plaintiff now seeks the Court's intervention with respect to three requests for admission, two requests for production, and two interrogatories. See Docs. #118, #134. The Court addresses plaintiff's motions in turn.

## II. **Applicable Law, Generally**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance remains on the party seeking discovery." <u>Bagley v. Yale Univ.</u>, 315 F.R.D. 131, 144 (D. Conn. 2016) (citation omitted), <u>as amended</u> (June 15, 2016); <u>Republic of Turkey v. Christie's, Inc.</u>, 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (same). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." <u>Cole v. Towers Perrin Forster & Crosby</u>, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

### III. <u>Renewed Motion to Require Sufficient Answers to Requests for Admission [Doc. #118]</u>

Plaintiff has filed a renewed motion seeking an order compelling defendant "to answer certain Requests for Admission ('RFAs') fully and fairly." Doc. #118 at 1.[5] Defendant responds that plaintiff's motion is "wholly unnecessary[]" because it has "served supplemental discovery responses that specifically address the [RFAs] at issue[.]" Doc. #129 at 4. Defendant further asserts that its objections and responses to RFAs 15 and 16 are sufficient and proper. <u>See id.</u> at 8-10. In reply, plaintiff submits that its motion to compel is procedurally

---

[5] Plaintiff previously filed this motion on October 18, 2019. [Doc. #95]. On November 8, 2019, Judge Covello denied the motion, "without prejudice, in light of the pending settlement efforts." Doc. #110. Plaintiff re-filed the motion after settlement efforts were unsuccessful.

proper, and maintains its position that defendant's responses are insufficient. <u>See generally</u> Doc. #137.

A.   <u>Law Applicable to Requests for Admission</u>

"Requests for admissions are not discovery tools in the traditional sense." <u>El-Massri v. New Haven Corr. Ctr.</u>, No. 3:18CV01249(CSH), 2019 WL 3491639, at *2 (D. Conn. July 31, 2019); <u>see also</u> <u>Ohio Cas. Ins. Co. v. Twin City Fire Ins. Co.</u>, No. 14CV00858(NGG)(PK), 2020 WL 1698593, at *2 (E.D.N.Y. Apr. 8, 2020) (Requests for admission "are not a discovery device, such as interrogatories, document demands, or depositions, nor are they to be considered substitutions for them." (citation and quotation marks omitted)). Rather, "[r]equests for admission exist to facilitate resolution on the merits by narrowing the issues at trial where the parties' unambiguously agree." <u>Rodriguez v. NNR Glob. Logistics USA Inc.</u>, No. 14CV01766(JFB)(AKT), 2017 WL 11510163, at *2 (E.D.N.Y. Mar. 31, 2017) (sic) (citation and quotation marks omitted). The "sole purpose" of requests for admission "is to streamline the presentation of evidence at trial. They eliminate the necessity of proving facts that are not in substantial dispute, thereby reducing the costs of litigation." <u>Twin City Fire</u>, 2020 WL 1698593, at *2 (citations and quotation marks omitted).

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. "A party may serve on any other party a

written request to admit[] ... the truth of any matters within
the scope of Rule 26(b)(1) relating to: facts, the application
of law to fact, or opinions about either[.]" Fed. R. Civ. P.
36(a)(1)(A).

> [A] matter is admitted "unless, within 30 days after
> being served, the party to whom the request is directed
> serves on the requesting party a written answer or
> objection addressed to the matter[.]" Fed. R. Civ.
> P. 36(a)(3). If a matter is not admitted, "the answer
> must specifically deny it or state in detail why the
> answering party cannot truthfully admit it or deny
> it." Fed. R. Civ. P. 36(a)(4). If a party denies a
> matter, the denial "must fairly respond to the substance
> of the matter; and when good faith requires that a party
> qualify an answer or deny only a part of a matter, the
> answer must specify the part admitted and qualify or
> deny the rest." Id.

Ceraldi v. Strumpf, No. 3:17CV01628(JCH), 2019 WL 5558472, at *4
(D. Conn. Oct. 29, 2019).

"The party who requests the admission bears the burden of
setting forth its requests simply, directly, not vaguely or
ambiguously, and in such a manner that they can be answered with
a simple admit or deny without explanation, and in certain
instances, permit a qualification or explanation for purposes
for clarification." El-Massri, 2019 WL 3491639, at *2 (citation
and quotation marks omitted). "Provided the demand is
understandable and straightforward, calls for relevant
information, and does not violate a recognized privilege, an
objection to a request to admit is improper." Id.

(quoting <u>Woodward v. Holtzman</u>, 329 F.R.D. 16, 26 (W.D.N.Y. 2018)).

The requesting party may move for a determination of the sufficiency of an answer or objection to a request for admission. <u>See</u> Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with [Rule 36], the court may order either that the matter is admitted or that an amended answer be served." <u>Id.</u>

"When assessing the sufficiency of a party's responses, a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith." <u>El-Massri</u>, 2019 WL 3491639, at *2 (citation and quotation marks omitted). "When a request is denied, the court must consider: (1) whether the denial fairly meets the substance of the request; (2) whether good faith requires that the denial be qualified; and (3) whether any 'qualification' which has been supplied is a good faith qualification." <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34, 35 (D. Conn. 1988) (emphases removed). "On a Rule 36(a)(6) motion, the burden is on the objecting party to persuade the court that there is a justification for the objection." <u>El-Massri</u>, 2019 WL 3491639, at *2 (citation and quotation marks omitted).

B.    <u>Analysis</u>

Plaintiff contends that defendant's responses to RFAs 15 and 16 are insufficient. <u>See generally</u> Doc. #119. RFA 15 demands that defendant: "Admit that the Renuzit® Refill's packaging claims that it is a 'UNIVERSAL REFILL.'" Doc. #97-1 at 10 (sic). RFA 16 similarly demands that defendant: "Admit that the Renuzit® Refill's packaging claims that it 'FITS' Glade® warmers." <u>Id.</u> (sic). Defendant responded to RFAs 15 and 16 as follows:

> Henkel objects to this Request for Admission as vague, ambiguous and misleading because it contains a partial quote from certain packaging for Henkel's Renuzit® Refills and strips that quote of its content and specifically explanatory material that provides consumers with Henkel's actual product claim. Subject to and without waiving any General or Specific Objection: Deny.

Doc. #97-4 at 17. On October 30, 2019, defendant supplemented its responses to RFAs 15 and 16, stating: "Henkel directs Plaintiff to the Parties' Supplemental Joint Rule 26(f) Report, ECF No. 77, at Section IV." Doc. #138-1 at 5; <u>see also</u> Doc. #130 at 3. The Supplemental Joint 26(f) Report contains a "Statement of Undisputed Facts[,]" which states, in pertinent part:

> The current packaging for Henkel's Renuzit® Refills reads: "UNIVERSAL REFILL," and immediately below that phrase states: "FITS: Glade®, Airwick®, & Renuzit® Scented Warmers*". The asterisk limits the applicable warmers to specific model numbers, including Glade® warmer model number SCJ168.

Doc. #77 at 4 (sic).

Plaintiff asserts that these RFAs "properly are directed at establishing admission of facts about which there is no real dispute: to wit, the words on the Renuzit® Refill packaging." Doc. #119 at 5. Plaintiff further asserts that "[a]ll" RFAs 15 and 16 seek is defendant's "acknowledgement that the packaging of the Renuzit® Refill actually bears a sampling of the false and/or misleading claims that are at the core of this lawsuit." Id. Plaintiff asserts that defendant's denial does not fairly respond to the substance of the RFAs, that defendant should have offered a qualified admission, and that defendant has "no justification for its decision to offer flat denials[.]" Id. at 6.

Defendant responds that plaintiff's motion is premature, having been originally filed before defendant served its supplemental responses. See Doc. #129 at 8. Defendant further asserts that plaintiff's motion should be denied because: (1) defendant denied RFA 15 and 16, "and on that basis alone, no amended response is required[;]" (2) the parties have already entered a stipulation concerning the words on the Renuzit® Refill packaging; and (3) defendant properly objected to RFAs 15 and 16 as vague, ambiguous, and misleading. Doc. #129 at 9-10.

In reply, plaintiff asserts that its motion is procedurally proper. <u>See</u> Doc. #137 at 1-3.[6] Plaintiff further contends: (1) defendant's denial does not fairly respond to RFAs 15 and 16; (2) the stipulated language in the Supplemental Rule 26(f) Report is entirely consistent with RFAs 15 and 16; (3) the Supplemental Rule 26(f) Report is not a substitute for the RFAs; and (4) defendant's objections to RFAs 15 and 16 are groundless. <u>See</u> Doc. #137 at 4-6.

"When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections." <u>Thalheim</u>, 124 F.R.D. at 35. Plaintiff insists that the subject RFAs merely seek an "acknowledgement that the packaging of the Renuzit® Refill actually bears a sampling of the false and/or misleading claims that are at the core of this lawsuit." Doc. #119 at 5; <u>see also</u> <u>id.</u> at 4 ("During the parties' meet and confer, SCJ explained that its requests merely asked Henkel to confirm that those words appeared on its

---

[6] Given the winding road that this dispute has taken to reach a resolution, and the preference to resolve matters on the merits, the Court does not reach the issue of whether defendant's motion is procedurally sound. The parties have engaged in what appear to be extensive meet and confer efforts regarding plaintiff's written discovery requests. Nevertheless, the Court reminds counsel of their obligations under both the Federal and Local Rules of Civil Procedure when bringing a discovery dispute before the Court.

products' packaging."). However, the requests, on their face, do not "merely" seek such an acknowledgement. If the requests did seek such a simple admission, those requests would have used terms directed toward eliciting such information. The word "claims[,]" as used in RFAs 15 and 16, suggests something else entirely.

Further, as defendant's objection explains, the RFAs at issue provide only a partial -- and potentially misleading -- quotation of the language appearing on the Renuzit® Refill packaging. The phrasing of RFAs 15 and 16 creates requests "that cannot be admitted or denied with an absolute minimum of explanation or qualification, thereby undermining the function of the requests." Nycomed US Inc. v. Glenmark Generics Ltd., No. 08CV05023(CBA), 2009 WL 10709073, at *2 (E.D.N.Y. Aug. 7, 2009) (citation and quotation marks omitted). The requests suggest that all of the packaging for the Renuzit® Refills claims that the product will refill any and all PISO products and fit any and all Glade® warmers, when in fact, the parties have agreed that at least the current packaging for the Renuzit® Refills limits the claim of universality to specific model numbers. See Doc. #77 at 1. "A request should not state 'half a fact' or 'half-truths' which require the answering party to qualify responses." Dubin v. E.F. Hutton Grp. Inc., 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989) (citation and quotation marks omitted);

accord <u>Herrera v. Scully</u>, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).
Accordingly, defendant justifiably objected to these requests,
and the denials fairly meet the substance of the requests.

Additionally, defendant has already "admitted" to what RFAs
15 and 16 purportedly seek -- that is, the words appearing on
the packaging of the Renuzit® Refill -- by agreeing to the
undisputed facts in the Supplemental 26(f) Report. <u>See</u> Doc. #77
at 4. Indeed, plaintiff asserts that the undisputed facts in the
Supplemental 26(f) Report are "entirely consistent" with RFAs 15
and 16, Doc. #137 at 5 (emphases removed), leaving the Court to
wonder why the RFAs are necessary. In fact, as phrased, RFAs 15
and 16 simply seek to manipulate the undisputed facts already
stipulated to in the Supplemental 26(f) Report.

In a footnote, plaintiff contends that defendant "has not
cited any authority to show that the Rule 26(f) report would be
admissible evidence at summary judgment or trial, and SCJ is
aware of none." Doc. #137 at 5 n.3. Defendant does not, at this
time, appear to suggest that the Supplemental 26(f) Report
itself would be admissible at summary judgment or trial. Rather,
the undisputed <u>facts</u> set forth in the Report could be relied
upon by the parties and the fact finder, as stipulations.
Indeed, when considering motions for summary judgment, courts
regularly rely on and/or cite to the undisputed material facts
set forth in the 26(f) Report. <u>See, e.g.</u>, <u>State Farm Fire & Cas.</u>

Ins. Co. v. Sayles, 289 F.3d 181, 182 (2d Cir. 2002) (citing

Rule 26(f) Report to support assertion that a fact was

undisputed); Doe v. Westport Bd. of Educ., No. 3:18CV01683(KAD),

2020 WL 869861, at *1 (D. Conn. Feb. 21, 2020) ("[I]n the

parties' Rule 26(f) Report, this fact was listed as undisputed

... taking this issue out of the case."); RIDE, Inc. v. APS

Tech., Inc., No. 3:11CV01721(JCH), 2015 WL 9581728, at *4 (D.

Conn. Dec. 30, 2015) (citing Rule 26(f) Report to support

assertion that a material fact was undisputed); Murray v. Town

of Stratford, 996 F. Supp. 2d 90, 97 n.11 (D. Conn. 2014) ("The

Court also relies upon the forty-two paragraph Statement

of Undisputed Facts found in the parties' Rule 26(f) Report of

Parties' Planning Meeting, filed June 27, 2011[.]").[7]

For the reasons stated, defendant has sufficiently

responded to RFAs 15 and 16 and its objections are well-founded.

The Court will require no further response to those requests.

Accordingly, plaintiff's Renewed Motion to Require Sufficient

Answers to Requests for Admission [**Doc. #118**] is **DENIED**.

    C.   Request for Attorneys' Fees and Costs

Plaintiff, relying on Rule 37(a)(5), seeks an award of its

attorneys' fees and costs incurred in making this motion. See

---

[7] It is also common in this District for the parties to include undisputed facts in a joint trial memorandum, which may be incorporated into jury instructions or bench rulings.

Doc. #119 at 6-7; Doc. #137 at 7-8. However, because the Court has denied plaintiff's motion, its request for attorneys' fees and costs pursuant to Rule 37(a)(5) is **DENIED**.

## IV. Motion to Compel and to Require Sufficient Responses to Discovery Requests [Doc. #134]

Plaintiff seeks an order compelling defendant "to (1) provide full and complete responses to certain Requests for Production of Documents ('RFPs') and Interrogatories, and (2) answer certain [RFAs] fully and fairly." Doc. #134 at 1. Defendant contends that plaintiff "seeks discovery beyond what is contemplated in Federal Rule of Civil Procedure 26(b)(1)[,]" it has properly limited the scope of its production, and RFA 17 is "improper." Doc. #145 at 4-5. In reply, plaintiff asserts that defendant "mischaracterizes the nature of SCJ's false advertising claims" and has taken an "impermissibly narrow view of documents and information relevant to SCJ's claims." Doc. #146 at 1 (footnote omitted).

### A.   RFPs 10 and 12

Plaintiff seeks to compel additional production in response to RFPs 10 and 12. See Doc. #135 at 3-5, 9-11. The parties' arguments with respect to these requests are related, and the Court therefore addresses the requests together.

RFP 10 requests that defendant: "Produce all documents and communications related to the creation, consideration, design,

development, selection, adoption, or first use of the Challenged

Claims." Doc. #97-1 at 9.[8] Defendant responded:

> Henkel objects to this Request as overly broad, unduly
> burdensome, and disproportionate to the needs of this
> case insofar as it requests "all documents and
> communications" and is not limited in time or scope.
> Henkel further objects to this Request as vague and
> ambiguous to the extent that "creation,"
> "consideration," "design," "development," "selection,"
> and "adoption," are undefined and it is unclear what
> "first use" means. Subject to and without waiver of these
> objections and the foregoing General Objections, Henkel
> will produce responsive, non-privileged documents
> relating to the decision to use the "universal refill"
> claim with the Renuzit® Refill (as defined).

Doc. #97-4 at 11. RFP 12 requests that defendant: "Produce all

documents and communications related to the Renuzit® Refill's

functionality with non-Renuzit® warmers." Doc. #97-1 at 9.

Defendant responded:

> Henkel objects to this Request as overly broad, unduly
> burdensome, irrelevant, and disproportionate to the
> needs of this case insofar as it requests "all documents
> and communications," and seeks information related to
> "non-Renuzit® warmers," and is not limited in time or
> scope. Henkel further objects to this Request as vague
> and ambiguous to the extent that "functionality" is
> undefined. Henkel further objects to this Request to the
> extent that it is cumulative and/or duplicative of
> Plaintiff's prior discovery requests.

---

[8] The term "Challenged Claims" is defined to "mean[] the claims
Defendant has made with respect to its Renuzit® Refill that are
the subject of the Case, including but not limited to claims
that the Renuzit® Refill is a 'universal refill'; claims that
the Renuzit® Refill 'fits' the 2012 Warmer, the 2019 Warmer, or
Plaintiff's Glade® PISO warmers more generally; and other
substantively similar claims." Doc. #97-1 at 6. Other
capitalized terms set forth in that definition are defined at
the outset of plaintiff's written discovery requests. See id. at
3-6.

> Subject to and without waiver of these objections and
> the foregoing General Objections, and to the extent
> Henkel understands this Request, Henkel will produce all
> non-privileged materials responsive to this Request
> relating to the Renuzit® Refill's functionality with the
> 2012 and 2019 Warmers, to the extent such material is
> within Henkel's possession, custody, and control.

Doc. #97-4 at 12.

### 1.   Relevance and Proportionality

Rule 26(b)(1) "is liberally construed and is necessarily

broad in scope." New Falls Corp. v. Soni, No.

16CV06805(ADS)(AKT), 2020 WL 2836787, at *1 (E.D.N.Y. May 29,

2020) (citation and quotation marks omitted). "To fall within

the scope of permissible discovery, information must be relevant

to any party's claim or defense. In order to be relevant for

Civil Rule 26 discovery purposes, information and evidentiary

material must be relevant as defined in Rule of Evidence

401." Durant v. Target Stores, Inc., No. 15CV01183(JBA), 2017 WL

4163661, at *3 (D. Conn. Sept. 20, 2017) (citation and quotation

marks omitted). "Evidence is relevant if (a) it has any tendency

to make a fact more or less probable than it would be without

the evidence; and (b) the fact is of consequence in determining

the action." Fed R. Evid. 401.

"The broad standard of relevance, however, is not a license

for unrestricted discovery." Gucci Am., Inc. v. Guess?, Inc.,

790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011). "[T]he current version

of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'" O'Garra v. Northwell Health, No. 16CV02191(DRH)(AYS), 2018 WL 502656, at *2 (E.D.N.Y. Jan. 22, 2018) (quoting Fed. R. Civ. P. 26(b)(1)). "Proportionality, which focuses on the marginal utility of the discovery sought, goes hand-in-hand with relevance, such that the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." New Falls Corp., 2020 WL 2836787, at *2 (citation and quotation marks omitted).[9]

##### 2.   Analysis

Plaintiff contends that defendant has "improperly narrow[ed]" the scope of its requests and that "information regarding all PISO warmers is relevant in this case, which is

---

[9] Given the significant effort, and presumably resources, that the parties have already expended on discovery and motion practice, it bears noting that:

> Overarching the interpretation of Rule 26, and indeed all of the Federal Rules of Civil Procedure, is the standard referred to in Rule 1 thereof. That Rule, as amended in December of 2015, requires that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

O'Garra, 2018 WL 502656, at *2.

related to the allegedly 'universal' Renuzit® Refill." Doc. #135
at 4. Plaintiff asserts that the information sought is "relevant
to the core questions in this lawsuit[,]" – specifically,
defendant's claim that its Renuzit® Refill is "universal[,]"
which according to plaintiff, "impl[ies] that they fit not only
Henkel's own warmers but the warmers of other manufacturers as
well – including, but not limited to, SCJ." Id. at 9. Plaintiff
therefore contends that "information as to the Renuzit® Refill's
fit and functionality with other manufacturers' warmers is one
of the core questions in this case. If the Renuzit® Refill does
not fit, or function with, other manufacturers' warmers, then
Henkel's advertisements are false." Id. at 10.

Defendant responds, inter alia, that the information sought
by RFPs 10 and 12 is not relevant to the claims in this action
because plaintiff has brought suit "over alleged false
advertising of its Renuzit® Refill only 'with respect to Glade®
warmer products.'" Doc. #145 at 6 (quoting Doc. #53 at ¶30); see
also id. at 7-10. Defendant also asserts that absent the
limitations it has placed on RFPs 10 and 12, it "would
effectively be required to produce every document related to its
Renuzit® Refill product." Id. at 6.

In reply, plaintiff reasserts that defendant has improperly
narrowed the scope of RFPs 10 and 12, which seek information
that plaintiff contends is plainly relevant to its false

advertising claims. <u>See generally</u> Doc. #146 at 2-7. Plaintiff
asserts that "to assess Henkel's relevance objection, the Court
must look at the elements of SCJ's false advertising claims to
consider what facts might be of consequence in this action." <u>Id.</u>
at 3 (footnote omitted).

Given that Rule 26 is "obviously broad" and to be
"liberally construed[,]" the information sought by RFPs 10 and
12 is arguably relevant to the claims asserted in the Amended
Complaint. <u>Daval Steel Prod., a Div. of Francosteel Corp. v. M/V
Fakredine</u>, 951 F.2d 1357, 1367 (2d Cir. 1991); <u>accord</u> <u>Edwards v.
Daniels</u>, No. 17CV05018(PMH), 2020 WL 3057412, at *1 (S.D.N.Y.
June 9, 2020). However, "even relevant information must be
reasonably proportional to the value of the requested
information, the needs of the case, and the parties' resources."
<u>New Falls Corp.</u>, 2020 WL 2836787, at *2 (citation and quotation
marks omitted).[10]

---

[10] In a footnote, plaintiff contends that defendant's "attempts
to rely on a proportionality objection to avoid discovery[] ...
must fail with respect to [the written discovery requests] as
[defendant] did not state a proportionality objection[.]" Doc.
#146 at 2 n.3. Plaintiff's argument, however, fails to account
for the fact that the Court may "act on motion or its own
initiative to restrict discovery" on proportionality grounds.
<u>Noble Roman's, Inc. v. Hattenhauer Distrib. Co.</u>, 314 F.R.D. 304,
307 (S.D. Ind. 2016); <u>see also</u> <u>Mortg. Resolution Servicing, LLC
v. JPMorgan Chase Bank, N.A.</u>, No. 15CV00293(LTS)(JCF), 2016 WL
3906712, at *3 (S.D.N.Y. July 14, 2016) (The 2015 amendments to
Rule 26 are "intended to 'encourage judges to be more aggressive
in identifying and discouraging discovery overuse' by
emphasizing the need to analyze proportionality before ordering

Here, the scope of the information sought is not proportional to the needs of this case, which asserts a relatively straightforward claim of false advertising. See Doc. #53. Although the "sample advertising" attached to the Amended Complaint reflects advertising claims that the Renuzit® Refill is a "universal refill[,]" each advertisement also contains a qualification limiting the claim of universality to Glade® and Airwick® warmers. See Doc. #53-1 at 2-5; see also Doc. #147 (declaration of Andrea M. Davenport attaching copies of sample advertisements). Additionally, much of the sample advertising reflects further qualifications, limiting the claims of universality to specific Glade® and Airwick® model numbers. See Doc. #53-1 at 2; Doc. #147 at 2-3; Doc. #147-1 at 2-3; Doc. #147-2 at 2-3; Doc. #143-3 at 2.[11] Accordingly, information related to all manufacturers' PISO products is at best of

---

production of relevant information[.]" (quoting Fed. R. Civ. P.26(B)(1) advisory committee's note to 2015 amendment)). Indeed, "[w]here, as here, the proposed discovery outweighs its likely benefit, — where the book is not worth the candle — it ought not be allowed, and a court can sua sponte raise the issue." Uppal v. Rosalind Franklin Univ. of Med. & Sci., 124 F. Supp. 3d 811, 815 (N.D. Ill. 2015) (citation and quotation marks omitted).

[11] The product listing for the Renuzit® Refills offered for sale by Target appear to reflect a similar qualification as one offered for sale by Amazon. Compare Doc. #147 at 3, with Doc. #147-3 at 2. The Court is unable, however, to read the specific model numbers listed on the packaging reflected in the Target listing.

marginal relevance to plaintiff's false advertising claims, particularly given defendant's representation that "[a]bsent a limitation [on the RFPs], it would effectively be required to produce every document related to its Renuzit® Refill product." Doc. #145 at 6.  It is well established that "discovery may not be used as a fishing expedition to discover additional instances of wrongdoing beyond those already alleged." In re PE Corp. Sec. Litig., 221 F.R.D. 20, 23–24 (D. Conn. 2003) (citation and quotation marks omitted).

Although the information sought by RFPs 10 and 12 is not proportional to the needs of the case as framed, defendant's responses to those requests are too limited. Accordingly, with respect to RFP 10, defendant shall supplement its production by producing all non-privileged documents relating to the decision to use the claim that the Renuzit® Refill "fits" the following Glade® and Airwick® PISO warmers: SCJ 168; SCJ 213; SCJ 093; SCJ 082; SCJ 107; EDJ4; ED74; ED27; ED28; ED29; and ED40. If necessary, the parties shall meet and confer in an attempt to determine an appropriate temporal limitation for this request, given the allegation in the Amended Complaint that "Defendant is a recent re-entrant into the PISO market, having exited that market before 2012, and within approximately the last six months [from the date of the Amended Complaint] has begun selling PISO products under the brand name 'Renuzit.'" Doc. #53 at ¶19.

With respect to RFP 12, defendant shall produce all non-privileged documents and communications relating to the Renuzit® Refill's functionality with the following Glade® and Airwick® PISO warmers: SCJ 093; SCJ 082; SCJ 107; EDJ4; ED74; ED27; ED28; ED29; and ED40.[12] Again, if necessary, the parties shall meet and confer in an attempt to determine an appropriate temporal limitation for this request, given the allegations in the Amended Complaint. See id.

Thus, for the reasons stated, plaintiff's motion to compel with respect to **RFPs 10 and 12** is **GRANTED, in part, and DENIED, in part**.

B.   Interrogatories 9 and 10

Plaintiff seeks to compel additional responses to Interrogatories 9 and 10. See Doc. #135 at 3-5, 9-11. The parties' arguments with respect to these requests are again related, and largely reiterate those made in connection with RFPs 10 and 12.

Interrogatory 9 asks defendant to:

---

[12] Defendant has already agreed to produce "all non-privileged materials responsive to [] Request [12] relating to the Renuzit® Refill's functionality with the 2012 and 2019 Warmers, to the extent such material is within [defendant's] possession, custody, and control." Doc. #97-4 at 12. Pursuant to the parties' supplemental 26(f) Report, the 2012 warmer "bears model number SCJ168" and the 2019 warmer "bears model number SCJ213." Doc. #77 at 4. Accordingly, the Court does not include those model numbers here.

> Describe with particularity any testing and/or analysis,
> including the methodology employed and results obtained,
> that You, or any of Your employees, agents, consultants,
> or independent contractors, conducted regarding the use,
> fit, and/or compatibility (or lack thereof) of any
> Renuzit® Refills with the 2012 Warmer, the 2019 Warmer,
> or any other Glade® PISO warmer.

Doc. #97-1 at 7-8. Defendant responded:

> Henkel objects to this Request as irrelevant and not
> reasonably calculated to lead to the discovery of
> admissible evidence material and necessary to the
> litigation to the extent that it seeks information
> relating to "any other Glade® PISO warmer." Henkel
> further objects to this Request to the extent that it
> seeks information protected by the attorney-client
> privilege and/or work product doctrine. Subject to and
> without waiver of these objections and the foregoing
> General Objections, Henkel responds as follows:

> Henkel tested the Renuzit® Refill while inserted into
> the 2012 Warmer, and the Renuzit® Refill delivered
> fragrance over a 45-day period. Henkel also conducted
> preliminary consumer perception testing of the Renuzit®
> Refill when utilized in conjunction with the 2019
> Warmer. Henkel will produce responsive, non-privileged
> documents regarding these tests. In addition, Henkel
> directs Plaintiff to the Declaration of Michael Cecil in
> Opposition to Plaintiff's Motion for a Temporary
> Restraining Order, ECF No. 86-01; the Declaration of
> Sandra Rubino Pisarczyk in Support of Defendant's
> Opposition to Plaintiff's Motions for a Temporary
> Restraining Order and Preliminary Injunction, ECF No.
> 86-02; and the Declaration of Robert Stave in Opposition
> to Plaintiff's Motion for a Temporary Restraining Order,
> ECF No. 87.

Doc. #97-4 at 6. Defendant later supplemented its response to

identify the Bates numbers of responsive documents. See Doc.

#136-1 at 2.

Interrogatory 10 asks defendant to: "Identify every

complaint You have received from anyone, including, but not

limited to, consumers, distributors or retailers, regarding use, fit, and/or compatibility (or lack thereof) of the Renuzit® Refill with non-Renuzit® Warmers." Doc. #97-1 at 8. Defendant responded:

> Henkel objects to this Request as vague and ambiguous to the extent that it is unclear what "complaint" and "received from" mean. Henkel further objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence material and necessary to the litigation to the extent that it asks for "every complaint ... received from anyone" and seeks information relating to "non-Renuzit® warmers." Henkel further objects to this Request to the extent it seeks the production of information publicly available or equally available to, or already in the possession of, Plaintiff. Subject to and without waiver of these objections and the foregoing General Objections:

> Since approximately January 2019 through March 2019, Henkel received only two consumer complaints regarding use, fit, and/or compatibility (or lack thereof) of the Renuzit® Refill with non-Renuzit warmers. In addition, Henkel directs Plaintiff to the Declaration of Michael Cecil in Opposition to Plaintiff's Motion for a Temporary Restraining Order, ECF No. 86-01.

> Henkel will also produce documents from which the burden of deriving or ascertaining the answer to Interrogatory No. 10 is substantially the same for Plaintiff as for Defendant. Defendant will amend this response to identify the responsive documents after it produces them.

Doc. #97-4 at 6-7. Defendant later supplemented its response to identify the Bates numbers of responsive documents. See Doc. #136-1 at 2.

Plaintiff asserts that "[t]he same logic" set forth with respect to RFPs 10 and 12 applies to Interrogatories 9 and 10.

Doc. #135 at 10. In that regard, plaintiff contends that defendant's relevance objection is "absurd[]" because "this case centers on Henkel's choice to market its Renuzit® PISO products as 'universal refills.'" Id. at 11.

Defendant responds that its objection to Interrogatory 9 on the grounds of relevance is "proper" because plaintiff's "allegations reveal that the only Glade® warmers at issue are the 2012 and 2019 Warmers." Doc. #145 at 8. Defendant contends that its objection to Interrogatory 10 "is justified for the same reasons described" with respect to Interrogatory 9. See id. at 9.

Given the broad scope of relevance, and for reasons previously stated with respect to RFPs 10 and 12, the Court will require defendant to supplement its response to Interrogatory 9 to include responsive information relating to the following additional Glade® PISO Warmers: SCJ093; SCJ082; SCJ107.

With respect to Interrogatory 10, plaintiff asserts, in pertinent part, that defendant has "improperly narrowed the scope of ... Interrogatory ... Nos. 9 and 10 based on a relevance objection – agreeing only to produce ... information related to SCJ's 2012 and 2019 Glade® warmers." Doc. #146 at 2. Although defendant objects on the grounds of relevance to Interrogatory 10, it nevertheless "identified" two consumer complaints it had received from January 2019 to March 2019

"regarding the use, fit, and/or compatibility with <u>non-Renuzit</u> warmers." Doc. #97-4 (emphasis added). Whether the temporal limitation provided by defendant necessarily implies that the complaints related only to plaintiff's 2012 and 2019 warmers is unclear. Nevertheless, the Court finds that the January 2019 to March 2019 limitation is too narrow. The parties shall meet and confer in an attempt to determine an appropriate temporal limitation for Interrogatory 10, given the allegations in the Amended Complaint. <u>See</u> Doc. #53 at ¶19. The Court also finds that defendant's limitation of its response regarding "consumer complaints" is appropriate.

Thus, for the reasons stated, plaintiff's motion to compel with respect to **Interrogatories 9 and 10** is **GRANTED, in part, and DENIED, in part**.

C.  <u>RFA 17</u>

Last, plaintiff asserts that defendant's response to RFA 17 is insufficient. <u>See</u> Doc. #135 at 11-12. RFA 17 demands that plaintiff: "Admit that whether a PISO refill functions with a warmer (i.e., emits fragrance) is important to consumers' purchasing decisions." Doc. #97-1 at 10. Defendant originally responded to RFA 17 as follows:

> Henkel objects to this Request as vague and ambiguous to the extent that "functions" is undefined and it is unclear what "important to consumers' purchasing decisions" means. Henkel further objects to this Request because it seeks information regarding customers'

27

> beliefs and perceptions that are not within Henkel's
> knowledge.

Doc. #97-4 at 17. Following the parties' meet and confer,

defendant provided the following supplemental response to RFA

17:

> Henkel repeats and incorporates its General and Specific
> Objections to RFA No. 17 in Henkel's Responses and
> Objections to Plaintiff's Second Set of Written
> Discovery Requests. Subject to and without waiver of the
> foregoing objections, Henkel supplements its response as
> follows:
>
> Information regarding customers' beliefs and perceptions
> is not information readily obtainable by Henkel.

Doc. #136-1 at 6.

Plaintiff asserts that defendant's responses fail to comply

with Rule 36(a)(4) because defendant has failed to "explicitly

state that it has made reasonable inquiry and that the

information it knows, or can readily obtain, is insufficient to

enable Henkel to admit or deny the request." Doc. #135 at 12.

Rule 36(a) permits an answering party to "assert lack of

knowledge or information as a reason for failing to admit or

deny[,]" but "only if the party states that it has made

reasonable inquiry and that the information it knows or can

readily obtain is insufficient to enable it to admit or deny."

Fed. R. Civ. P. 36(a)(4). Defendant, however, contends that it

need only make a reasonable inquiry in responding to a "properly

stated" request. Doc. #145 at 11 (emphasis removed) (quoting

<u>Dubin</u>, 125 F.R.D. at 374). In that regard, defendant asserts that it has properly objected to RFA 17, <u>see</u> Doc. #145 at 11, which does not seek "a simple admit or deny, and ... is not the type of situation contemplated by Federal Rule of Civil Procedure 36 where Henkel can easily quantify a response." <u>Id.</u> at 14. Accordingly, the Court first considers whether RFA 17 is properly stated. <u>See</u> <u>Thalheim</u>, 124 F.R.D. at 35, <u>supra</u>.

To reiterate, the purpose of a request for admission is not to discover information, but rather, "to facilitate resolution on the merits by narrowing the issues at trial where the parties' unambiguously agree." <u>Rodriguez</u>, 2017 WL 11510163, at *2 (sic) (citation and quotation marks omitted). Requests for admission should be stated simply and directly, such that the request may be answered with a simple admit or deny. <u>See</u> <u>El-Massri</u>, 2019 WL 3491639, at *2; <u>see also</u> <u>Optima Media Grp. Ltd. v. Bloomberg L.P.</u>, No. 17CV01898(AJN)(JLC), 2019 WL 3537181, at *2 (S.D.N.Y. Aug. 5, 2019) ("Requests for admissions should be simple and direct, not vague or ambiguous." (citation and quotation marks omitted)); <u>City of Hartford v. Monsanto Co.</u>, No. 3:15CV01544(RNC), 2017 WL 3085682, at *2 (D. Conn. July 20, 2017) ("Requests for admission should be simple and direct. The requesting party bears the burden of drafting the request clearly and specifically so that the responding party can easily agree or disagree." (citation and quotation marks omitted)).

RFA 17 is neither simple nor direct. Indeed, as defendant contends, the phrase "important to consumers' purchasing decisions" is ambiguous; it could be construed in a multitude of ways. Plaintiff asserts: "This phrase could not be clearer. It refers to things important to a consumer when making a purchasing decision." Doc. #146 at 9. The Court disagrees. The admission purportedly sought by this RFA is better suited to a deposition, where the proper foundation may be laid, and follow-up questions posed.

The Court therefore **SUSTAINS** defendant's objection to RFA 17 on grounds of ambiguity, and plaintiff's motion to compel is **DENIED** with respect to **RFA 17.**

D.    Request for Attorneys' Fees and Costs

Plaintiff, relying on Rule 37(a)(5), seeks an award of its attorneys' fees and costs incurred in making this motion. See Doc. #135 at 12-13; Doc. #146 at 10. Defendant responds that the Court should deny the request for fees and costs because it has "asserted substantially justified objections and properly responded to the Requests at issue." Doc. #145 at 14.

Where a motion to compel is granted, in part, and denied, in part, "Federal Rule of Civil Procedure 37(a)(5)(C) is applicable, as opposed to Rule 37(a)(5)(A)." Ganci v. U.S. Limousine Serv., Ltd., No. 10CV03027(JFB)(AKT), 2012 WL 13109965, at *3 (E.D.N.Y. Sept. 28, 2012). Rule 37(a)(5)(C)

provides: "If the motion [to compel] is granted in part and denied in part, the court <u>may</u> ... after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). Accordingly, under the present circumstances, the award of fees and costs is discretionary.

Plaintiff's request for an award of fees and costs is **DENIED**. Because the Court has largely denied plaintiff's motion, each party should bear its own costs and fees. <u>See, e.g.</u>, <u>Saliga v. Chemtura Corp.</u>, No. 3:12CV832(RNC)(DFM), 2013 WL 6182227, at *4 (D. Conn. Nov. 25, 2013) (denying request for fees and costs where motion to compel was granted, in part, and denied, in part); <u>Safespan Platform Sys., Inc. v. EZ Access, Inc.</u>, No. 06CV00726A(HBS), 2011 WL 7473467, at *5 (W.D.N.Y. Dec. 30, 2011) ("Given the mixed result of defendants' motion, ... this Court may apportion reasonable motion expenses under Rule 37(a)(5)(C) and finds that both sides should bear their own respective costs." (emphasis removed)), <u>report and recommendation adopted</u>, 2012 WL 777305 (Mar. 8, 2012).

**V.   <u>Conclusion</u>**

Thus, for the reasons stated above, plaintiff's Renewed Motion to Require Sufficient Answers to Requests for Admission [**Doc. #118**] is **DENIED,** and plaintiff's Motion to Compel and to Require Sufficient Answers to Discovery Requests [**Doc. #134**] is

**GRANTED, in part, and DENIED, in part.** Plaintiff's request for attorneys' fees and costs in making these motions is **DENIED.**

If necessary, the parties shall meet and confer in an effort to reach an agreement as to a temporal limitation for the requests discussed herein on or before **October 6, 2020.**

Defendant shall provide supplemental discovery responses, including document production and a privilege log (if applicable), on or before **October 20, 2020.**

SO ORDERED at New Haven, Connecticut this 22nd day of September, 2020.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE